Walker F. MEANS, Appellant,

v.

Shields NORWOOD, Jr., et al., Appellees.

No. 5298.

Court of Civil Appeals of Texas.

El Paso.

Nov. 19, 1958.

Rehearing Denied Dec. 31, 1958.

Albert Armendariz, El Paso, for appellant.

John P. Dennison, Richard D. Naylor, Pecos, for appellees.

FRASER, Justice.

This is an appeal from a judgment of the District Court of Reeves County, Texas, the facts of which, briefly stated, are as follows:

Appellant made, executed and delivered a promissory note to the Smith Machinery Company of Texas, a Texas corporation, on or about the 5th day of January, A.D., 1956. The said Smith Machinery Company of Texas was liquidated by the consent and agreement of the stockholders and directors of the corporation on or about the 10th day of October, 1955, and this note was given in satisfaction of an account owing to the corporation by appellant. A payment of $1,000 was made by the appellant on or about the 4th day of January, A.D., 1957, as part payment of this note. This suit by appellees is for the collection of the remaining sum owing under said note, interest, and attorney's fees. Appellees are the sole directors and stockholders of the said Smith Machinery Company of Texas.

Appellant claims that the plaintiff-appellees were not entitled to judgment because the note was made payable to the corporation, and the corporation is not the plaintiff; that the note was made payable to the corporation after its dissolution and

that, therefore, neither the note nor the judgment were legal or proper.

We shall discuss appellant's points generally, as both parties have more or less briefed the case in that manner.

■ We do not find merit in appellant's position that the note was invalid because it was made to a corporation that had been dissolved. There is no question but what the defendant-appellant owed this money to the corporation during its active existence. As a matter of fact, he so stated in open court, and said that it was his desire and intention to pay the note or account as soon as possible.

Article 1389, Revised Civil Statutes of Texas, provides that the existence of a corporation may be continued for three years after its dissolution for the purpose of enabling those charged with the duty to settle up its affairs. We think, therefore, that the note executed to the corporation for a prior existing obligation was valid, and so hold.

Appellant maintains that the corporation was a necessary party to the suit, and that a judgment in favor of the appellees was invalid and void because the note was made payable to the corporation and the court did not require plaintiffs to bring the corporation in as a necessary party; and, lastly, that the plaintiffs were not the payees of the note, and the note bore no endorsement from the corporation to them.

■ We do not believe the trial court was in error because the record shows that the plaintiffs were the sole owners, stockholders and directors of the corporation; in other words, they were the corporation. Also, Exhibit 1 is an assignment from the corporation to the plaintiff-appellees of all the corporate assets. Therefore, in view of the fact that the plaintiffs are the only ones with any interest in the corporation and hold an assignment of all the corporate assets, coupled with an obligation to pay its debts, we think that the trial court was

within his powers to render judgment in favor of the plaintiffs as he did. Appellant insists that if he is required to pay to the plaintiffs, he still has not paid his obligation to the corporation. We do not believe the corporation could ever maintain that it had not been paid under the facts and circumstances of this case.

Finding no error in the record, appellant's points are accordingly overruled, and the judgment of the trial court is affirmed.